# WHEELING.

## WILLIAMS v. FREELAND.

Submitted August 16, 1880, Decided May 6, 1882.

Section 35 of Article VIII of the Constitution does not authorize the setting aside of the judgments therein specified and the granting of new trials thereon. The judgments must stand, until by "due process of law" it is ascertained, that they were rendered "because of acts done according to the usages of civilized warfare in the prosecution of the war;" and when so ascertained such judgments are nullities. (p. 604.)

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Preston, rendered on the 13th day of April, 1877, in an action in said court then pending, wherein Joseph V. Williams was plaintiff and David Freeland was defendant, allowed upon the petition of said Freeland.

Hon. John Brannon, judge of the sixth judicial circuit, rendered the judgment complained of.

The facts of the case are stated in the opinion of the Court.

*Berkshire & Sturgess* for plaintiff in error cited 15 Wall. 610 ; 5 W. Va. 446 ; 13 W. Va. 686.

*C. Boggess* for defendant in error cited 21 Wall. 203 ; 6 Otto 604 ; 5 Otto 176 ; Hall. Int. Law p. 343 § 23 ; *Id.* p. 332 § § 9, 10 ; *Id.* p. 347 §§ 29, 30 ; *Id.* p. 306 § 24 ; *Id.* p. 378 § 27 ; *Id.* p. 389 § 10 ; *Id.* p. 146 §§ 1, 2, 3, 7, 17, 18 ; Vatt. Law of Nations ch. 12 §§ 190, 191 ; 2 Wall. 175 ; 6 Munf. 181 ; 1 Wash. 118 ; 3 Munf. 272 ; Code Va. (1860) p. 781 § 2 ; 4 Wheat. 122 ; 1 How. 311 ; 2 How. 608 ; 6 Otto 595 ; 9 Wall. 56.

JOHNSON PRESIDENT, announced the opinion of the court.

This was an action of trespass brought in the circuit court of Preston county by David Freeland v. Joseph Williams and Charles Williams, and in said action on the 22d day of December, 1865, the plaintiff recovered a judgment against said Joseph Williams for $1,100, with interest and costs. As to the said Charles Williams the verdict was not guilty. On the 16th day of October, 1875, Joseph Williams filed his petition in the circuit court of said county of Preston alleging, that the said judgment was recovered against him, who was a citizen of the State of West Virginia, "because of an act done accord-ing to the usages of civilized warfare in the prosecution of the late war between the government of the United States and a part of the people thereof ; that in the said suit he filed his pleas of "belligernt rights," setting up those facts, which were rejected by the court ; that petitioner's property was liable to be levied on and sold under an execution issued on said judgment and then in the hands of the sheriff. He prayed, that all proceedings on said judgment might be suspended by order of the court, "and that the said judgment be set aside and a new

trial awarded your petitioner in accordance with chapter 58 of the acts of the Legislature of West Virginia session of 1872–3, and exhibited with his petition a transcript of the record of the judgment.   The petition was duly sworn to.

On the 12th day of April, Freeland appeared and demurred to the petition and also answered the same resisting the setting aside of the said judgment.   On the 13th day of April, 1877, an order was entered as follows: "This day came the parties by their attorneys, and the court having considered the transcript of the record filed with said petition, and heard the arguments of counsel and being satisfied of the truth of the material allegations of the said petition is of opinion, that the plaintiff is entitled to have the judgment set aside, and a new trial awarded him under the provisions of said act.   It is therefore considered by the court, that the said judgment be set aside and a new trial awarded to the plaintiff."

This is a proceeding to set aside an unexecuted judgment, and to have a new trial granted according to the provisions of section 3 of chapter 58 of the Acts of 1872-3.   The proceeding is justified by that section; but we held in *Peerce* v. *Kitzmiller, supra,* that so far as that section provided for the setting aside of the judgment and the granting of a new trial, it was not authorized by the Constitution; because according to section 35 of Art. VIII of the Constitution the judgments therein specified must stand, until by "due process of law" it is ascertained, that they were recovered "because of acts done according to the usages of civilized warfare in the prosecution of the war;" and when so found such judgments are nullities.   For the reasons stated in that opinion, the judgment rendered in this case, on the 13th day of April, 1877, setting aside the judgment set forth in the petition is reversed with costs to plaintiff in error; and this Court proceeding to render such judgment as the circuit court should have rendered, the demurrer to the petition is sustained, and the petition dismissed at the costs of the petitioner without prejudice to any rights, which in law or equity he may have in reference to said judgment under section 35 of Art. VIII of the Constitution of this State.

JUDGES HAYMOND AND GREEN CONCURRED.

JUDGMENT REVERSED.