# WHEELING.

## GRIFFEE v. HALSTEAD et al.

Submitted September 20, 1879.   Decided May 6, 1882.

Section 35 of article VIII of the Constitution does not authorize the setting aside of the judgments therein specified and the granting of new trials. The judgments must stand, until by "due process of law" it is ascertained, that they were recovered "because of acts done according to the usages of civilized warfare in the prosecution of the war;" and when so ascertained such judgments are nullities. (p. 604).

Writ of error and *supersedeas* to two several judgments of the circuit court of the county of Greenbrier, rendered respectively on the 16th day of November, 1878, and on the 10th day of June, 1879 in an action in said court then pending, wherein Joseph Griffee was plaintiff, and John Halstead and others were defendants, allowed upon the petition of the said Griffee.

Hon. Homer A. Holt, judge of the eighth judicial circuit rendered the judgments complained of.

The facts of the case are fully stated in the opinion of the Court.

*J. W. Davis* for plaintiff in error.

*A. C. Snyder and W. P. Rucker* for defendants in error cited the same authorities as in *White* v. *Crump, supra.*

JOHNSON, PRESIDENT, announced the opinion of the Court:

William H. McClung and E. S. McClung filed their petition in the circuit court of Kanawha county on the 21st day of May, 1877, alleging, that they were citizens of Greenbrier county and were two of the defendants in the cause lately pending in said county, wherein Joseph Griffee was plaintiff and John Halstead and others were defendants. That said Griffee was at the time of the institution of said suit, to wit: on the 26th day of June, 1865, and now is a citizen of the said county of Greenbrier; that at a circuit court held for

the said county of Kanawha on the 8th day of December, 1866, the said plaintiff recovered a judgment in said action for the sum of $2,500.00 with interest and costs of suit; that the aforesaid judgment was recovered "by reason of an act done by the defendants in said action or by others, for whose act they were held responsible, according to the usages of civilized warfare in the prosecution of the war between the government of the United States and a part of the people thereof." They further allege, that all the parties to said suit live in Geeenbrier county, and that the causes of action arose there; and they set up further reasons, why the said suit should be removed, and prayed, that the judgment might be set aside and a new trial awarded them, and that the case might be transferred to Greenbrier county. The petition was sworn to.

To the petition the defendant therein Joseph Griffee appeared and demurred to the petition and also filed his answer to the same. On the 1st day of December, 1877, this Court made an order transferring the case to the circuit court of Greenbrier county. On the 16th day of November, 1878, the circuit court of Greenbrier county entered an order reciting " this day came the parties by their attorneys, and thereupon on motion of the defendants, Wm. H. McClung and E. S. McClung, and the court being satisfied of the truth of the allegations in the petition set forth doth set aside the judgment heretofore rendered in this cause against the defendants, Wm. H. and E. S. McClung, and award them a new trial therein. " To this judgment the said Joseph Griffee excepted; and his bill of exceptions is signed and saved to him in the record. A new trial was had, and verdict, and judgment for the defendant rendered on the 11th day of June, 1879. The plaintiff Joseph Griffiee moved to set aside the verdict and to have a new trial awarded him, which was overruled, and he again excepted.

To the final judgment rendered on the said 11th day of June 1879, and to the judgment rendered on the 16th of November 1878, setting aside the judgment rendered in the cause on the 8th day of December 1866, the plaintiff Joseph Griffee obtained a writ of error from this Court.

This Court held in the case of *Peerce* v. *Kitzmiller*, *supra*, that the 35th section of article VIII of the Constitution of

this State does not authorize the setting aside of the judgment therein specified and the granting of new trials therein. The judgments must stand, until by " due process of law " it is ascertained, that they were receveved " because of acts done according to the usages of civilized warfare, in t he prosecution of the war," and when so ascertained such judgments are nullities ; and that the mode provided in section 3 of chapter 58 of the Acts of 1872-3 is not " due process of law" and was not authorized by the Constitution.

According to the principles decided in that case, the several judgments entered in this case on November 16, 1878, and June 17 1879, must be reversed with costs to the plainti ff in error, and this Court proceeding to render such judgment as the circuit court should have rendered, the verdict of the jury is set aside, and the demurrer to the petition is sustained, and the petition dismissed with costs, but without prej udice to any rights either in law or equity, which the petitioners had or may have in reference to said judgment rendered agains t them under section 35 of article VIII of the Constitution o�f the State.

JUDGES HAYMOND AND GREEN CONCURRED.

JUDGMENTS REVERSED.