WALTER BUTLER BUILDING COMPANY, *A Corporation,*

v.

JOSEPH S. SOTO, INDIVIDUALLY AND AS STATE TAX COMMISSIONER OF WEST VIRGINIA

(CC-834)

Submitted January 15, 1957. Decided April 2, 1957.

1. STATUTORY CONSTRUCTION—

*Koontz & Koontz, Harry B. Lambert,* for plaintiff.

*John G. Fox,* Attorney General, *Ronald Kyger, Frank M. Ellison,* Assistant Attorneys General, for defendant.

HAYMOND, JUDGE:

In this suit in equity, instituted in the Circuit Court of Kanawha County in May, 1956, the plaintiff Walter Butler Building Company, a corporation, seeks to enjoin the defendant Joseph S. Soto, individually and as State Tax Commissioner of West Virginia, from enforcing an assessment of a business and occupation tax by the State Tax Commisisoner against the plaintiff in the amount of $22,507.49.

The plaintiff attacks the assessment as invalid and unenforceable on the ground that Chapter 165, Acts of the Legislature, 1955, Regular Session, upon which the assessment is based, and particularly Sections 7b and 8 of that statute, are unconstitutional and void.

The statute, passed March 12, 1955, and effective ninety days from passage, amended Article 13, Chapter 11, Code, 1931, as amended, by repealing two sections, by amending and reenacting other sections of that article, and by adding four new sections to it.

The defendant insists that the assessment is authorized by Section 2e, Article 13, Chapter 11, Code, 1931, as amended, and by Section 2, Article 13, Chapter 165, Acts of the Legislature, 1955, Regular Session, and is valid and enforceable.

The circuit court overruled the demurrer of the defendant to the bill of complaint of the plaintiff to the extent that the demurrer asserts the constitutionality of Section 8, Chapter 165, Acts of the Legislature, 1955, Regular Session, and sustained the demurrer to the extent that it asserts that all the other sections of the statute are constitutional; and by its ruling on the demurrer held Section 8 unconstitutional and invalid but

upheld the constitutionality and validity of all the other sections of the statute.

In its bill of complaint the plaintiff, a corporation organized and existing under the laws of the State of Delaware, alleges in substance that during the years 1953 and 1954, under a written contract between the plaintiff and the Sisters of the Holy Ghost of West Virginia, a charitable and nonprofit corporation organized and existing under the laws of this State, by which the plaintiff agreed to act and acted solely as the agent and construction manager of that corporation, the plaintiff engaged in certain business activities in this State in connection with the construction of a hospital known as the Kings Daughters Hospital in the City of Martinsburg, Berkeley County, West Virginia; that on July 1, 1955, after negotiations between the plaintiff and the defendant and a preliminary investigation by the defendant of the activities of the plaintiff in connection with the construction of the hospital and with respect to the liability of the plaintiff to a business and occupation tax under Section 2e, Article 13, Chapter 11, Code, 1931, as amended, the defendant assessed a tax, including penalties of $4,263.33, against the plaintiff in the amount of $22,507.49; that the plaintiff protested the assessment of the tax and, under the provisions of Section 7b of Chapter 165, Acts of the Legislature, 1955, Regular Session, which amended Article 13, Chapter 11, Code, 1931, as amended, petitioned the defendant for reassessment of the tax; that upon consideration of the petition and the evidence presented at a hearing by the defendant on the petition the defendant ruled that the plaintiff was subject to the tax set forth in the assessment; that after receiving notice of the action of the defendant in connection with the assessment the plaintiff filed an appeal from the decision of the defendant in the Circuit Court of Kanawha County under the provisions of Section 8, of Chapter 165, and attacked the validity of the assessment of the tax, and the ruling of the defendant upon the petition for reassessment, as er-

roneous, contrary to law and violative of the true intent and meaning of the statutes of this State; that during the proceedings upon the appeal in the Circuit Court of Kanawha County the Judge of that Court indicated to counsel representing the plaintiff and the defendant that he entertained some doubt as to the constitutionality of Section 8 of the statute; that for that reason the appeal filed by the plaintiff, though still pending, has not been actively prosecuted and has not been finally determined; that instead of proceeding further in the appeal the plaintiff instituted this suit for injunctive relief against the enforcement and collection of the tax assessed by the defendant; that in making the assessment against the plaintiff and in denying its petition for reassessment the defendant acted under and by virtue of the authority conferred upon him by Chapter 165, Acts of the Legislature of West Virginia, 1955, Regular Session; that Chapter 165, and particularly Sections 7b and 8 of that statute, are violative of the Constitution of West Virginia and of the Constitution of the United States; that Section 8 of the statute imposes upon the circuit court a ministerial or administrative duty, and attempts to authorize a taxpayer to maintain a suit against the State; that the title to the act is fatally defective; that in these particulars the statute contravenes Section 1, Article V, Sections 1, 3, and 12, Article VIII, and Sections 35 and 30, Article VI of the Constitution of this State; and that the assessment of the tax by the defendant, the decision of the defendant denying the petition of the plaintiff for reassessment of the tax, and all the acts of the defendant in attempting to enforce the collection of the tax, being based upon an unconstitutional statute, are null and void and of no force and effect.

The prayer of the bill of complaint is that the defendant be enjoined from collecting the tax assessed against the plaintiff; that Chapter 165, Acts of the Legislature, 1955, Regular Session, be declared to be unconstitutional and void; and that the plaintiff be granted general relief.

Section 2, Article 13, Chapter 165, Acts of the Legislature, 1955, Regular Session, which imposes the tax assessed against the plaintiff contains, among other provisions, this provision: "There is hereby levied and shall be collected annual privilege taxes against the persons, on account of the business and other activities, and in the amounts to be determined by the application of rates against values or gross income as set forth in sections two-a to two-j inclusive, of this article."

Section 2e, Article 13, Chapter 11, Code, 1931, as amended, which was not amended by Chapter 165, provides: "Upon every person engaging or continuing within this State in the business of contracting, the tax shall be equal to two per cent of the gross income of the business."

Section 7b, Article 13, of the Act of 1955, is expressed in this language: "The tax commissioner shall give to the taxpayer written notice of any assessment made pursuant to this article. Unless the taxpayer to whom a notice of assessment is directed shall, within thirty days after service thereof (except in the case of jeopardy assessments), either personally or by registered mail, file with the tax commissioner a petition in writing, verified under oath by said taxpayer or his duly authorized agent, having knowledge of the facts, setting forth with definiteness and particularity the items of the assessment objected to, together with the reason for such objections, said assessments shall become and be deemed conclusive and the amount thereof shall be payable at the end of the thirty day period. In every case where a petition for reassessment as above described is filed, the tax commissioner shall assign a time and place for the hearing of same and shall notify the petitioner of such hearing by written notice at least twenty days in advance thereof and such hearing shall be held within sixty days from the filing of the petition for reassessment unless continued by agreement or by the tax commissioner for good cause. The hearing shall be informal and may be conducted by an examiner designated

by the tax commissioner. At such hearing evidence may be offered to support the assessment or to prove that it is incorrect. After such hearing the tax commissioner shall, within a reasonable time, give notice in writing of the decision. Unless an appeal is taken within thirty days from service of this notice, the tax commissioner's decision shall be final."

Section 8 of the same Article consists of these three paragraphs:

"An appeal may be taken by the taxpayer to the circuit court of the county in which the activity taxed was engaged, or in which the taxpayer resides, or in the circuit court of Kanawha county, within thirty days after he shall have received notice from the tax commissioner of his determination as provided in section seven-b.

"The appeal shall be taken by written notice to the tax commissioner and served as an original notice. When said notice is so served it shall, with the return thereon, be filed in the office of the clerk of the circuit court and docketed as other cases with the taxpayer as plaintiff and the tax commissioner as defendant. The plaintiff shall file with such clerk a bond for the use of the defendant, with sureties approved by such clerk, in penalty double the amount of tax appealed from, and in no case shall the bond be less than fifty dollars, conditioned that the plaintiff shall perform the orders of the court.

"The court shall hear the appeal in equity and determine anew all questions submitted to it on appeal from the determination of the tax commissioner. In such appeal a certified copy of the tax commissioner's assessment shall be admissible and shall constitute prima facie evidence of the tax due under the provisions of this article. The court shall render its decree thereon and a certified copy of said decree shall be filed by the clerk of said court with the tax commissioner who shall then correct the assessment in accordance with said decree. An appeal may be taken by the taxpayer or the tax commissioner to the supreme court of appeals of this state in the same manner that appeals are taken in equity."

The circuit court on its own motion certified its ruling upon the demurrer to this Court and the certificate presents these questions of law:

"I. Does Chapter 165 of the Acts of the Legislature of West Virginia of 1955, Regular Session, and particularly Section 8 thereof, impose upon the circuit courts a ministerial or administrative duty, contrary to the provisions of Article V and Sections 1, 3 and 12 of Article VIII of the Constitution of West Virginia?

"II. Does Section 8 of said Chapter 165 require a suit against the State of West Virginia contrary to Article VI, Section 35 of the Constitution of West Virginia?

"III. Does said Chapter 165, and particularly Sections 7-b and 8 thereof, deprive the plaintiff of its property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States of America and in violation of Article III, Section 10, of the Constitution of West Virginia?

"IV. If it be determined that Sections 7-b and 8 of said Chapter 165 are unconstitutional, does this invalidate the other provisions of said chapter, or are such sections separable therefrom?

"V. Does said Chapter 165, and particularly Sections 7-b and 8 thereof, violate the Constitution of the State of West Virginia and the Constitution of the United States of America for other reasons apparent upon the face of said statute?"

The attack of the plaintiff upon the constitutionality of Section 8 of the statute is directed mainly to the provision that the court shall hear the appeal in equity and "determine anew all questions submitted to it on appeal from the determination of the tax commissioner.", which, the plaintiff insists, confers administrative power upon the court, and the provision that the appeal shall be "docketed as other cases with the taxpayer as plaintiff and the tax commissioner as defendant.", which, the

plaintiff also insists, permits and requires the plaintiff to sue the State of West Virginia. If these contentions of the plaintiff are sound the provision first mentioned contravenes Section 1, Article V, of the Constitution of this State, relating to the division of the powers of the government, which declares that "The Legislative, Executive and Judicial Departments shall be separate and distinct, so that neither shall exercise the powers properly belonging to either of the others; nor shall any person exercise the powers of more than one of them at the same time, except that justices of the peace shall be eligible to the Legislature."; and the other provision violates Section 35, Article VI, of the Constitution which prohibits proceedings against the State and provides that "The State of West Virginia shall never be made defendant in any court of law or equity, except the State of West Virginia, including any subdivision thereof, or any municipality therein, or any officer, agent, or employee thereof, may be made defendant in any garnishment or attachment proceeding, as garnishee or suggestee."

Cursory examination or superficial consideration of the meaning and the effect of the provision that the court shall hear the appeal and determine anew all questions submitted to it on appeal from the determination of the tax commissioner lends some measure of support to the argument of the plaintiff on that point and indicates that the provision is susceptible of a construction that would give it that effect. Careful consideration of the language of the provision and recognition of the purpose and the intent of the Legislature in incorporating it in the section, however, require and justify a different construction and determination of its meaning and effect.

Though the provision contains the statement that the court shall "determine anew all questions submitted to it on the appeal from the determination of the tax commissioner" it was intended by the Legislature to authorize the court to review and determine judicial questions such as the validity of the assessment of the tax and the applicability of the section of the statute which imposes

the tax upon the activity of the taxpayer and subjects him to liability to pay it. These matters present essentially judicial questions the determination of which requires the exercise of the judicial function. They follow and result from the preliminary administrative action of the State Tax Commissioner in assessing and fixing the amount of the tax. See *State ex rel. Hallanan* v. *Rocke,* 91 W. Va. 423, 113 S. E. 647. That action by the State Tax Commissioner and his action upon the petition of the taxpayer for reassessment of the tax involve the exercise by the State Tax Commissioner of an administrative function; but these matters are not expressly or by necessary implication committed to or vested in the court for determination on appeal by the challenged provision of the section the language of which does not extend to or embrace the entire proceeding before the State Tax Commissioner or his administrative action in assessing the tax and in denying the petition for its reassessment.

As the provision is susceptible of two constructions one of which is, and the other of which is not, violative of a constitutional provision it should be given the construction which renders it valid and constitutional. The well established rule of statutory construction is that when a statute is susceptible of two constructions, one of which is, and the other of which is not, violative of a constitutional provision, the statute will be given that construction which sustains its constitutionality unless it is plain that the other construction is required. *Bennett* v. *Bennett,* 135 W. Va. 3, 62 S. E. 2d 273; *State of West Virginia by C. S. Davis* v. *C. H. Musselman Company,* 134 W. Va. 209, 59 S. E. 2d 472; *Simms* v. *The County Court of Kanawha County,* 134 W. Va. 867, 61 S. E. 2d 849; *Darnall Trucking Company* v. *Simpson,* 122 W. Va. 656, 12 S. E. 2d 516, appeal dismissed, 313 U. S. 549, 61 S. Ct. 1121, 85 L. ed. 514; *State* v. *Siers,* 103 W. Va. 34, 136 S. E. 504; *State* v. *Furr,* 101 W. Va. 178, 132 S. E. 504; *Eureka Pipe Line Company* v. *Hallanan,* 87 W. Va. 396, 105 S. E. 506; *Coal and Coke Company* v. *Conley and Avis,* 67 W. Va. 129, 67 S. E. 613; *Ex parte Caldwell,* 61 W. Va. 49, 55 S. E. 910, 10 L.R.A., N.S., 172; *Webb* v.

*Ritter,* 60 W. Va. 193, 54 S. E. 484; *Underwood Typewriter Company* v. *Piggott,* 60 W. Va. 532, 55 S. E. 664; *Charleston and Southside Bridge Company* v. *County Court of Kanawha County,* 41 W. Va. 658, 24 S. E. 1002; *State* v. *Workman,* 35 W. Va. 367, 14 S. E. 9, 14 L.R.A. 600; *Hartley* v. *Henretta,* 35 W. Va. 222, 13 S. E. 375; *State* v. *Richards,* 32 W. Va. 348, 9 S. E. 245, 3 L.R.A. 705; *Slack* v. *Jacob,* 8 W. Va. 612; *Osburn* v. *Staley,* 5 W. Va. 85, 13 Am. Rep. 640. The language of the provision of Section 8 does not plainly require that the provision be given a construction which renders it violative of any constitutional provision.

The principle is also firmly established that any doubt as to the constitutionality of an act of the Legislature will always be resolved in favor of the validity of the statute. *State* v. *Harrison,* 130 W. Va. 246, 43 S. E. 2d 214; *State ex rel. Cosner* v. *See,* 129 W. Va. 722, 42 S. E. 2d 31; *State* v. *Furr,* 101 W. Va. 178, 132 S. E. 504; *Ex parte McNeeley,* 36 W.Va. 84, 14 S. E. 436, 15 L.R.A. 226; *Bridges* v. *Shallcross,* 6 W. Va. 562. In passing upon the validity of a statute which is challenged as violative of the Constitution of this State, every reasonable constuction will be resorted to by the court to sustain its constitutionality. *State ex rel. Cosner* v. *See,* 129 W. Va. 722, 42 S. E. 2d 31; *West Central Producers Co-Operative Association* v. *Commissioner of Agriculture,* 124 W. Va. 81, 20 S. E. 2d 797; *State* v. *Massie,* 95 W. Va. 233, 120 S. E. 514; *State* v. *England,* 86 W. Va. 508, 103 S. E. 400; *Coal and Coke Railway Company* v. *Conley and Avis,* 67 W. Va. 129, 67 S. E. 613; *Hooper* v. *California,* 155 U. S. 648, 15 S. Ct. 207, 39 L. ed. 297.

The primary purpose of the Legislature in enacting the challenged provision of Section 8 of the statute was to permit judicial review and determination of the question of the validity of the assessment and the liability of the taxpayer for the tax assessed by the State Tax Commissioner, and to afford the taxpayer a method of procedure by which that question could be presented and judicially determined. The foregoing rule of statutory construction

applies to the provision in question and that provision of the section is construed to mean that the court on appeal is empowered to hear and determine only judicial questions which result from the determination of the State Tax Commissioner and that the court is not empowered to hear and determine administrative or other nonjudicial questions. Any attempt to confer administrative or other nonjudicial power upon the court or to extend the scope of the provision to include any nonjudicial function, which might or could be implied from the language of the provision, is of no force or effect and does not vitiate or impair the power conferred upon the court to hear and determine judicial questions which are presented on appeal.

The plaintiff cites and relies upon *State* v. *Huber,* 129 W. Va. 198, 40 S. E. 2d 11, 168 A.L.R. 808; *Sims* v. *Fisher,* 125 W. Va. 512, 25 S. E. 2d 216; *Danielley* v. *The City of Princeton,* 113 W. Va. 252, 167 S. E. 620; *Hodges* v. *Public Service Commission,* 110 W. Va. 649, 159 S. E. 834, and other cases, in support of its contention that the challenged provision of Section 8 of the statute confers upon the circuit court administrative power and imposes upon it a nonjudicial function. The holding in each of those cases on that question is clearly distinguishable, because of the language of the statutory provisions then under consideration, from the statutory provision involved in this case, and does not apply to or control the present decision.

In *State* v. *Huber,* 129 W. Va. 198, 40 S. E. 2d 11, 168 A.L.R. 808, statutory provisions which undertook to vest in the circuit court concurrent jurisdiction with the nonintoxicating beer commissioner of this State to revoke or suspend licenses issued by him to sell or distribute nonintoxicating beer were properly held to be an unconstitutional delegation of an administrative function to the circuit court.

In *Sims* v. *Fisher,* 125 W. Va. 512, 26 S. E. 2d 216, provisions of a statute which expressly required the performance of administrative duties and nonjudicial functions

by circuit courts and this Court in connection with the sale of lands for the benefit of the school fund were, for that reason, declared to be unconstitutional.

In *Danielley* v. *The City of Princeton,* 113 W. Va. 252, 167 S. E. 620, the statutory provision in Section 7, Article 11, Chapter 16, Code, 1931, which empowered the circuit court, upon review of any order of the State Water Commission, to hear and consider any pertinent evidence offered and to determine all questions arising upon the law and the evidence and to render such judgment or make such order upon the whole matter as law and equity may require, was held to be broad enough to authorize a decision on the merits of the proceeding before the commission and to require the exercise of an executive function by the court, and that provision and the statute itself were declared to be unconstitutional because the provision conferred executive power upon the court. The statutory provision considered and condemned in the *Danielley* case was much broader than the language of the provision here involved and was clearly intended to confer executive power upon the circuit court.

In *Hodges* v. *Public Service Commission,* 110 W. Va. 649, 159 S. E. 834, the statute provided an appeal, as a matter of right for any party of record, from any decision of the Public Service Commission granting or refusing a license under Chapter 58, Acts of the Legislature, 1929, Regular Session, to the Circuit Court of Kanawha County and authorized trial de novo upon the original record before the commission and upon any additional evidence offered by any party in interest. The entire act was declared unconstitutional because the foregoing provision undertook to commit to the judiciary powers which were primarily legislative in character. The language of the statutory provision condemned as unconstitutional in the *Hodges* case, unlike the statutory provision here under consideration, indicated clearly the intention of the Legislature to confer nonjudicial power upon the courts.

In the recent well considered case of *State ex rel. Richardson* v. *The County Court of Kanawha County,* 138 W.

Va. 885, 78 S. E. 2d 569, a statutory provision which undertook to authorize the domestic relations court of that county to fix the salaries of its probation officers and other assistants was held to be unconstitutional and void as an attempt to vest a nonjudicial function in the judicial department of the government. The provision condemned as unconstitutional in that case differs completely in form and effect from the challenged provision of Section 8 here involved and for that reason the holding in that case and the holding in *The County Court of Raleigh County* v. *Painter*, 123 W. Va. 415, 15 S. E. 2d 396, and *State ex rel. Baker* v. *County Court of Tyler County*, 112 W. Va. 406, 164 S. E. 515, involving statutory provisions relating to compensation of deputies and assistants of public officers, are clearly distinguishable from and inapplicable to the case at bar.

The provision of Section 8, Article 13, Chapter 165, Acts of the Legislature, 1955, Regular Session, relating to an appeal to the circuit court by a taxpayer from the decision of the State Tax Commissioner denying his petition for reassessment of a tax assessed against the taxpayer, that the court shall "determine anew all questions submitted to it on the appeal from the determination of the tax commissioner" does not vest in the judicial department of the government a nonjudicial function, is not violative of Section 1, Article V, of the Constitution of this State, and is constitutional and valid.

The other challenged provision of Section 8 that the appeal authorized by that section shall be docketed as other cases with the taxpayer as plaintiff and the tax commissioner as defendant does not permit or require the taxpayer to sue the State of West Virginia and does not contravene Section 35, Article VI, of the Constitution of this State. Though that provision designates the taxpayer as the plaintiff and the tax commissioner as the defendant in the appeal, in substance and reality, the tax commissioner, who has assessed the tax and seeks to establish and maintain the claim of the State and to enforce its payment, is the real plaintiff and the

taxpayer, whose actual status is that of a defendant, is permitted only to oppose the assessment of the tax and to make his defense against the enforcement of the tax claimed by the State. By the appeal authorized by Section 8 of the statute, the taxpayer, though designated as the plaintiff, can not obtain a recovery of money or property of the State, control the discretion of an official of the State, compel the State or any of its officials to make or perform a contract in its behalf, or obtain relief that will supplant, restrict or adversely affect any established proprietary right or interest of the State; and the prosecution of such appeal by the taxpayer is not a suit against the State which is prohibited by Section 35, Article VI, of the Constitution of West Virginia. All the taxpayer can do is to challenge the validity of the tax and controvert the claim of the State that the statute which imposes the tax applies and subjects him to liability for its payment. The manifest intention of the Legislature in enacting the challenged provision of Section 8 was not to permit the taxpayer to obtain any affirmative relief against the State but to afford the taxpayer an appropriate remedy to enable him to present his defense against the assessment of the tax and to obtain a judicial determination of the validity or the invalidity of the tax assessed against him.

Though this Court held in *State Road Commission* v. *Ball*, 138 W. Va. 349, 76 S. E. 2d 55, that "In a tort action instituted by The State Road Commission of West Virginia, the defendant impleaded therein cannot recover by way of counterclaim unliquidated damages in excess of the amount charged in the plaintiff's declaration. Such counterclaim constitutes an action against the State in contravention of the prohibitory provision contained in Section 35, Article VI, West Virginia Constitution, that 'The State of West Virginia shall never be made defendant in any court of law or equity, * * * .' ", it also held in *State of West Virginia by Davis, Director of Unemployment Compensation* v. *Ruthbell Coal Company*, 133 W. Va. 319, 56 S. E. 2d 549, in which the

plaintiff instituted a proceeding by notice of motion for judgment to recover from defendant alleged delinquent contribution payments to the unemployment compensation fund and the defendant filed a counterclaim to recover a refund for alleged illegal overpayment of contribution payments, that "Where the State or a direct governmental agency thereof institutes an action at law or a notice of motion for judgment proceeding against a citizen, Article VI, Section 35, of the West Virginia Constitution, furnishes no defense to a counterclaim growing out of the same transaction as the claim pleaded."

In the opinion in the case just cited this Court, in considering a situation which in some respects resembles the status of the taxpayer and the State Tax Commissioner in the appeal dealt with by the challenged provision of Section 8, used this pertinent language: "In invoking the jurisdiction of the Circuit Court of Kanawha County, plaintiff, in our opinion, has taken the position of an ordinary suitor, and even if plaintiff is 'a direct governmental agency of the State,' as the state road commission was held to be in the case of *Mahone* v. *The State Road Commission, supra,* the State has laid aside its sovereignty and the concomitant immunity from an action or suit provided by Article VI, Section 35, of the Constitution; and defendant, therefore, is entitled to assert by pleading and proof all matters purely defensive. *State ex rel. McCain* v. *Metschan,* 32 Ore. 372, 46 P. 791, 53 P. 1071, 4 L.R.A. 692. In our opinion, where, as here, defendant's claim arises out of the same transaction upon which plaintiff is seeking to recover liability against the defendant, that is, the levy of a tax for a specific purpose (in this case an excise tax) plaintiff's claim and counterclaim are so closely related that the State's immunity against a suit or action under the immunity clause of our Constitution does not constitute a defense. *State* v. *Arkansas Brick & Manufacturing Co.,* 98 Ark. 125, 135 S. W. 843, 33 L.R.A. (N.S.) 376."

If, however, the provision of Section 8 should be

literally and strictly applied and the taxpayer should be regarded as the plaintiff and the State Tax Commissioner as the defendant on the appeal the provision does not authorize or require the taxpayer, who resorts to the appeal, to sue the State. Under the provision of the statute the relief sought by the taxpayer on the appeal is as already indicated primarily a determination of the validity of the assessment of the tax and of the liability of the taxpayer to pay it.

The relief sought by the taxpayer on the appeal is substantially the same as that sought by the plaintiff in the recent case of *Douglass* v. *Koontz,* 137 W. Va. 345, 71 S. E. 2d 319, in which this Court considered and determined the question whether a declaratory judgment proceeding instituted by the plaintiff against the State Tax Commissioner to determine the validity of a tax assessed by him against the plaintiff was a suit against the State within the prohibition of Section 35, Article VI, of the Constitution of this State, and held, in point 2 of the syllabus, that "A suit against the state tax commissioner for a declaratory judgment to determine whether the Business and Occupation Tax, imposed by Chapter 11, Article 13, as amended, is applicable to a given state of facts, which suit seeks only to construe the statute and direct the parties, is not a suit against the State within the provisions of Article VI, Section 35, of the Constitution of West Virginia."

In the opinion in the *Douglass* case, distinguishing that case from numerous other cases in which it was held that the proceeding instituted by the plaintiff against the State Tax Commissioner or any agency of the State was a suit or an action against the State and as such prohibited by Article VI, Section 35, of the Constitution of this State, this Court said:

"This case is to be distinguished from the recent case of *Hamill* v. *Koontz,* 134 W. Va. 439, 59 S. E. 2d 879, which involved a notice of motion for judgment proceeding, in which plaintiff sought to recover from

the defendant tax commissioner taxes alleged to have been erroneously paid. Likewise this case is to be distinguished from *Miller* v. *State Board of Agriculture,* 46 W. Va. 192, 32 S. E. 1007, in which the petitioner sought a writ of mandamus to compel the performance of a printing contract; *Miller Supply Co.* v. *State Board of Control,* 72 W. Va. 524, 78 S. E. 672, in which plaintiff sought to maintain an action at law to recover compensation for supplies furnished a state institution; *State ex rel. Gordon* v. *State Board of Control,* 85 W. Va. 739, 102 S. E. 688, in which the petitioner sought a writ of mandamus to require the board of control to furnish convicts for work in a factory, pursuant to a contract; *Barber* v. *Spencer State Hospital,* 95 W. Va. 463, 121 S. E. 497, and *Mahone* v. *State Road Commission,* 99 W. Va. 397, 129 S. E. 320, which involved actions at law to recover damages for torts; *Stewart* v. *State Road Commission,* 117 W. Va. 352, 185 S. E. 567, in which plaintiff sought to obtain a writ of mandamus to compel the payment of a judgment which he had theretofore obtained against the state road commission; *Watts* v. *State Road Commission,* 117 W. Va. 398, 185 S. E. 570, in which plaintiff sought to recover a money judgment against the State in an action of assumpsit on a contract; and *Schippa* v. *West Virginia Liquor Control Commission,* 132 W. Va. 51, 53 S. E. 2d 609, 9 A.L.R. 2d 1284, which was an action at law to recover from the liquor control commission money which the plaintiff had paid for liquor which was not delivered. These cases are readily distinguishable, because in each it is sought to recover money or property belonging to the State or to compel the performance of a contract with the State."

The opinion in the *Douglass* case also discusses and distinguishes numerous cases against the State Tax Commissioner entertained and decided by this Court in which the plaintiff sought to enjoin in a court of equity the collection of a tax imposed or levied without authority of law and particularly mentioned the case of *Turkey Knob Coal Company* v. *Hallanan,* 84 W. Va. 402, 99 S. E. 849, in which it was held that equity has jurisdiction

in a suit by the party affected to enjoin the collection of a tax levied without authority of law; the cases of *Eureka Pipe Line Company* v. *Hallanan*, 87 W. Va. 396, 105 S. E. 506, reversed, 257 U. S. 265, 42 S. Ct. 101, 66 L. ed. 227; *Hope Natural Gas Company* v. *Hall*, 102 W. Va. 272, 135 S. E. 582, affirmed, 274 U. S. 284, 47 S. Ct. 639, 71 L. ed. 1049; *Central Trust Company, Trustee* v. *Hall*, 106 W. Va. 687, 146 S. E. 825; *Laing* v. *Fox*, 115 W. Va. 272, 175 S. E. 354; *Sanitary Milk and Ice Cream Company* v. *Hickman*, 119 W. Va. 351, 193 S. E. 553; *Harper* v. *Alderson*, 126 W. Va. 707, 30 S. E. 2d 521, 153 A.L.R. 819; and *Arslain* v. *Alderson*, 126 W. Va. 880, 30 S. E. 2d 533, in which the question whether the proceeding was a suit or an action against the State was not presented or decided; and the case of *American Barge Line Company* v. *Koontz*, 136 W. Va. 747, 68 S. E. 2d 56, a declaratory judgment proceeding, in which that question was likewise not presented or decided.

As already indicated there is no substantial difference between a declaratory judgment proceeding instituted by a taxpayer against the State Tax Commissioner involving the assessment of a tax against the taxpayer under the declaratory judgment statute, Chapter 26, Article 13, Acts of the Legislature, 1941, Regular Session, Michie's West Virginia Code, 1955, Annotated, Sections 5516(1) to 5516(16), and an appeal taken by a taxpayer against the State Tax Commissioner from an assessment of a tax against the taxpayer under Section 8, Article 13, Chapter 165, Acts of the Legislature, 1955, Regular Session. The only difference between the two proceedings is in the type of the proceeding and in the procedural requirements in the particular case. In a declaratory judgment proceeding the taxpayer institutes a suit against the State Tax Commissioner to determine the validity of an assessment of a tax against the taxpayer and his liability to pay the tax. In taking the appeal provided by Section 8 of the statute the taxpayer proceeds against the State Tax Commissioner in the manner prescribed by Sections 7b and 8. The object and the purpose of each proceeding are to enable the tax-

payer to controvert and present his defense against a tax previously assessed against him by the State Tax Commissioner which if valid and not challenged in either proceeding will become final and render him liable for its payment. The identical issue to be determined in each proceeding is the validity of the assessment of the tax and the liability of the taxpayer to pay the tax. In each proceeding the taxpayer does not seek a recovery of money or other property of the State, to control the discretion of an official, to compel the State or its officials to make or perform a contract in behalf of the State, or to supplant, restrict, or adversely affect any established proprietary right or interest of the State. The utmost relief which the taxpayer can obtain in either proceeding is a judicial determination that the tax assessed is invalid and that he is not required to pay it; and the burden rests upon the taxpayer to establish that result by proper proof.

As the two proceedings are, in the particulars indicated, substantially similar concerning the issue involved and the relief available to the taxpayer, the holding in *Douglass* v. *Koontz*, 137 W. Va. 345, 71 S. E. 2d 319, that a declaratory judgment proceeding against the State Tax Commissioner to determine the validity of a tax assessed by him is not a suit against the State applies to and controls the decision in this suit with respect to the appeal provided by Section 8, Article 13, Chapter 165, Acts of the Legislature, 1955, Regular Session, and the provision of Section 8 of that statute that the appeal authorized by that section shall be docketed as other cases with the taxpayer as plaintiff and the tax commissioner as defendant does not permit or require the taxpayer to sue the State of West Virginia and does not contravene Article VI, Section 35, of the Constitution of this State.

The contention of the plaintiff that Sections 7b and 8 of Chapter 165, Acts of the Legislature, 1955, Regular Session, violate the due process of law provisions of the Constitution of this State and the Constitution of the

United States is not well founded. Though it is difficult, perhaps impossible, to define fully and accurately due process of law or to visualize or enumerate the particular requirements of due process of law in the various and complicated situations which occur in the field of constitutional law, due process of law has been held to mean that the court which undertakes to determine the rights of the parties must have jurisdiction of the proceeding, that the parties to the proceeding must have due notice, and that they must be afforded a reasonable opportunity to be heard before their rights are adjudicated or determined. *State* v. *Blevins,* 131 W. Va. 350, 48 S. E. 2d 174. It has been stated generally that the requirement of due process of law is satisfied when a trial is had according to the settled course of judicial proceedings as regulated by the law of the state. *State ex rel. Cosner* v. *See,* 129 W. Va. 722, 42 S. E. 2d 31; 35 C. J. 150. This Court has said that due process of law means the due course of legal proceedings according to the rules and the forms which have been established for the protection of private rights. *Peerce* v. *Kitzmiller,* 19 W. Va. 564; *White* v. *Crump,* 19 W. Va. 583; *Williams* v. *Freeland,* 19 W. Va. 599; *Griffee* v. *Halstead,* 19 W. Va. 602. Due process of law is such procedure as is within the limits of those fundamental principles of liberty and justice which underlie our civil and political institutions. *Floyd* v. *Chesapeake and Ohio Railway Company,* 112 W. Va. 66, 164 S. E. 28. One requirement of due process of law is that every defendant must be given his day in court. *State ex rel. Staley* v. *Hereford,* 131 W. Va. 84, 45 S. E. 2d 738. The underlying purpose of the due process of law clauses of the federal and state constitutions is to guarantee that the rights of persons may be dealt with in judicial proceedings only after due notice and a fair and reasonable opportunity for a hearing in accordance with procedure which has been ordained for the preservation of personal and property rights. *McHenry* v. *Humes,* 112 W. Va. 432, 164 S. E. 501. See also *August* v. *Gilmer,* 53 W. Va. 65, 44 S. E. 143. This Court has also said that adequate provision for a judicial inquiry

concerning the validity of a tax assessment satisfies the requirement of due process of law. *State ex rel. Hallanan* v. *Rocke,* 91 W. Va. 423, 113 S. E. 647. See also *State* v. *Swann,* 46 W. Va. 128, 33 S. E. 89, affirmed, 188 U. S. 739, 23 S. Ct. 848, 47 L. ed. 677.

Section 7b of the foregoing statute expressly requires the State Tax Commissioner to give to the taxpayer written notice of any assessment against him and permits the taxpayer within thirty days after service of the notice to file a petition for a reassessment before the assessment becomes conclusive. That section also expressly requires the State Tax Commissioner, after written notice has been given to the taxpayer, at least twenty days before a hearing is held, to fix a time and place for a hearing upon the petition at which evidence may be offered to support the assessment or to prove that it is incorrect and, within a reasonable time after the hearing, to give written notice to the taxpayer of the decision, and permits the taxpayer to appeal from the decision within thirty days after service of the notice. Section 8, which provides that the appeal shall be taken by a written notice to the State Tax Commissioner and that after the notice has been served upon him it shall be filed in the office of the clerk of the circuit court and docketed as other cases in equity, affords each party a fair and reasonable opportunity to be heard. The provisions of Section 7b that the hearing upon the petition for reassessment shall be informal and may be conducted by an examiner and the provisions of Section 8 that the taxpayer shall file with the clerk a bond in a penalty double the amount of the tax, that the penalty in no instance shall be less than fifty dollars, and that upon the hearing of the appeal a certified copy of the assessment shall be admissible and constitute prima facie evidence of the tax due, though perhaps somewhat unfavorable and burdensome from the standpoint of the taxpayer, are not inconsistent with and do not defeat the requirement of due process of law.

Statutory provisions which confer jurisdiction, re-

quire reasonable notice to the parties affected, and afford a fair and reasonable opportunity to each party to be heard before any right of any party is passed upon or determined, satisfy the requirement of due process of law and are constitutional and valid.

The title to the challenged statute expressly refers to the article and the chapter of the Code of 1931 which it amends, specifies the several sections which are repealed or are amended and reenacted, and designates four new sections which are added to the prior statute. The new matter incorporated by the amendatory statute is not foreign to the subject of the prior legislation but is germane to it and could have been properly dealt with and embraced in the earlier enactment. When an act amends a designated chapter and section of the Code and in its title refers specifically to the amended chapter and section, it sufficiently complies with the constitutional requirement that the object must be expressed in the title. *City of Wheeling ex rel. Carter* v. *American Casualty Company,* 131 W. Va. 584, 48 S. E. 2d 404. It is well settled that a statute may be amended by reference to article and section if that which is done by the amendment is in conformity with the general purpose of the amended act. *City of Wheeling ex rel. Carter* v. *American Casualty Company,* 131 W. Va. 584, 48 S. E. 2d 404; *Morris* v. *Sevy,* 129 W. Va. 331, 40 S. E. 2d 874; *State* v. *Huber,* 129 W. Va. 198, 48 S. E. 2d 11, 168 A.L.R. 808; *Cole* v. *Pond Fork Oil and Gas Company,* 127 W. Va. 762, 35 S. E. 2d 25, 169 A.L.R. 970.

In *State* v. *Huber,* 129 W. Va. 198, 48 S. E. 2d 11, 168 A.L.R. 808, this Court held in point 1 of the syllabus that "An amendment to a statute by article and section, which is germane and conforms to the general purposes of the statute being amended, does not violate Section 30 of Article VI of the Constitution of this State, which inhibits the Legislature from passing an act embracing more than one object, and which requires that object to be expressed in the title thereof." See also *City of*

*Wheeling ex rel. Carter* v. *American Casualty Company,* 131 W. Va. 584, 48 S. E. 2d 404.

When the title to an act amending a particular article and chapter of the Code of 1931 expressly refers to the amended article and chapter, specifies the several sections repealed or amended and reenacted, and designates four additional new sections, all of which are germane and conform to the subject of the amended statute, the title to the amendatory statute is sufficient, does not violate Section 30, Article VI, of the Constitution of this State, and is constitutional and valid.

Tested by the foregoing principles, the title to Chapter 165, Acts of the Legislature, 1955, Regular Session, satisfies the requirements of Section 30, Article VI, of the Constitution of this State and is sufficient.

The first three certified questions and the fifth certified question are answered in the negative. The negative answer to each of those questions sustains the constitutionality of Sections 7b and 8 of the statute, and for that reason it is unnecessary to discuss or consider the fourth certified question set forth in the certificate of the circuit court.

As the circuit court should have sustained the demurrer of the defendant to the bill of complaint of the plaintiff in its entirety, the judgment of the circuit court in sustaining the demurrer to the portions of the bill of complaint which attack the constitutionality of all sections of Article 13, Chapter 165, Acts of the Legislature, 1955, Regular Session, except Section 8, is affirmed, and its judgment in overruling the demurrer to that portion of the bill of complaint which attacks the constitutionality of that section is reversed.

*Ruling affirmed in part and reversed in part.*