# CHARLESTON.

STATE *v.* J. A. VIQUESNEY

(No. 5611)

Submitted March 8, 1927. Decided March 15, 1927.

FORGERY—INDICTMENT AND INFORMATION—*Every Fact Necessary to Constitute Crime Sought to be Charged Should be Directly and Affirmatively Alleged in Indictment; Count of Indictment for Uttering Forged Note Not Alleging Forgery in Direct Terms Should Have Been Held Bad on Demurrer (Code, c. 146, § 5).*

Every fact necessary to constitute the crime sought to be charged should be directly and affirmatively alleged in an indictment. No essential element of the offense should be left to intendment, implication or recital. *State* v. *Welch,* 69 W. Va. 547.

(Forgery, 26 C. J. § 67; Indictment and Information, 31 C. J. § 179.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Barbour County.

J. A. Viquesney was convicted of uttering a forged note, and he brings error.

*Reversed; indictment quashed.*

*Ira E. Robinson, J. Blackburn Ware* and *Wm. T. George,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *J. Luther Wolfe,* Assistant Attorney General, for the State.

HATCHER, PRESIDENT:

The defendant was impleaded in the circuit court of Barbour county, upon an indictment which contained two counts. The first count charged him with forging a certain promissory note, and the second count with uttering the note. Before the trial the defendant moved to quash the indictment, and each count thereof, and also demurred to the same, both of which motions the court overruled. Later, during the trial, the

court struck out the first count, and the defendant was found guilty under the second.

The forgery of the note is not alleged in positive and direct terms in the second count, but appears only by intendment and recital. For this reason the defendant contends that the count is fatally defective, citing among other authorities, *State* v. *Welch,* 69 W. Va. 547, which holds: ''In the indictment every fact necessary to constitute the crime intended to be charged, must be directly and positively alleged.'' Direct and positive allegation of every material fact is uniformly demanded by text writers and courts of highest authority. To that requirement is usually added this inhibition: the facts necessary to constitute the crime cannot be alleged by intendment or recital. A complete statement of the rule, as made by the Supreme Court of the United States is as follows: ''The general and, with few exceptions, * * * the universal rule, on this subject, is that all the material facts and circumstances embraced in the definition of the offense must be stated, or the indictment will be defective. No essential element of the crime can be omitted without destroying the whole pleading. The omission cannot be supplied by intendment, or implication, and the charge must be made directly and not inferentially, or by way of recital.'' *U. S.* v. *Hess,* 124 U. S. 483 (486). Joyce on Indictments, Sec. 246; 10 Ency. Pl. & Pr. 473; 14 R. C. L. Sec. 23, p. 173; 31 C. J. Sec. 179, p. 659; 12 Stand. Ency. Pro. 321

Under Sec 5, Ch. 146, Code, three elements enter into the offense attempted to be charged in the second count: (a) the writing must be forged, (b) the accused must utter or attempt to employ as true the forged writing, and (c) he must know it to be forged. If the proof fail as to any one of these three elements, the accused can not be convicted. Whatever is necessary to prove, is necessary to allege. It was therefore necessary to allege in the second count that the instrument in question was a forged instrument. That allegation should have been in direct and positive terms.

We find only one authority which permits laxity in such a charge. *Eldridge* v. *Commonwealth,* 21 Ky. Law Rpts. 1087,

54 S. W. 10, states that in an indictment for uttering a forged note it is sufficient under the Kentucky statute to charge that the accused delivered the forged note knowing it to be false and forged. We do not have before us the Kentucky statute. It is either different from ours, or we must regard the decision of the Kentucky court as exceptional.

We are ordinarily reluctant to sustain a technical objection to a pleading. But an attempt here to reconcile the indictment with the accepted rules of pleading would serve no good purpose, as there is prejudicial error in the trial of the case requiring its reversal even were the indictment held good. If the defendant is again indicted and tried, the trial court is admonished to bear in mind the well established rules of law, that a binding instruction should not be given for the state, which totally ignores the defense of the accused; that such an error is not cured by properly instructing on behalf of the defendant; and that counsel, in addressing the jury, should not refer to facts not in the evidence.

The judgment of the lower court is therefore reversed and the indictment quashed.

*Reversed; indictment quashed.*