STATE OF WEST VIRGINIA

*v.*

GRANT WINKLER, *et al.*

(No. 10795)

Submitted September 11, 1956. Decided November 27, 1956.

*A. E. Cooper,* for plaintiff in error.

*John G. Fox,* Attorney General, *Virginia Mae Brown,* Assistant Attorney General, for defendant in error.

BROWNING, PRESIDENT:

Grant Winkler, George Sparks and Harry Fincham were indicted by the grand jury attending the March, 1955, term of the Circuit Court of Pocahontas County for unlawfully combining and conspiring together "for the purpose of inflicting bodily injury upon one K. D. Albaugh, and for the purpose of destroying, injuring and defacing the property of K. D. Albaugh, * * *." Defendants demurred and moved to quash the indictment upon the grounds, among others, that the indictment does not allege an offense under the laws of the State of West Virginia, and that the indictment charges defendants with two alleged crimes in one count: (1) A conspiracy to inflict bodily injury upon one K. D. Albaugh; and (2) a conspiracy to destroy, injure and deface the property of K. D. Albaugh, which demurrer and motion to quash were overruled. The defendants then moved the court for a bill of particulars showing (a) the alleged date of the crime; (b) the alleged place in Pocahontas County where such conspiracy took place; (c) the time of the alleged crime; and (d) a statement of the words, acts and facts constituting the alleged conspiracy, and by whom the same were made and done, which motion was also overruled, and the defendants, having entered pleas of not guilty, the case came on for trial.

The evidence adduced in behalf of the State shows that: On the morning of September 10, 1954, between the hours of 6:00 and 6:30 A.M., K. D. Albaugh was proceeding in his automobile from his residence to the Maust Coal and Coke Company mine where he was employed as Superintendent; he turned off U. S. 219 on a road leading to the mine and encountered a picket line of approximately 130 men standing along or near the road; he slowed and stopped his automobile when it was surrounded by the men constituting the picket line; that

someone yelled "Let's upset him."; the three named defendants, and others, grasped the automobile and lifted it off the ground so that the left rear wheel could not obtain traction; it was released upon order of the Sheriff of Pocahontas County, who came up behind Albaugh's automobile; and Albaugh then proceeded on his way uninjured and with his property undamaged.

The defendants Winkler and Fincham, while admitting their presence upon the picket line that morning, deny conspiring to injure Albaugh or to damage his property, and deny having grasped the automobile. The defendant Winkler states that he was near the car and cautioned Albaugh to drive more slowly to avoid injuring anyone, and admits that though Albaugh seemed anxious to get away "something was holding him." The defendant Sparks denied being on the picket line that morning, and introduced witnesses who testified that he was at home in Webster County at the time of the incident.

The jury returned a verdict of guilty and judgment was entered thereon sentencing defendants to confinement in the county jail for 90 days, which sentence was suspended, and levying a fine of $50.00 against each, to which judgment this Court granted a writ of error and supersedeas on February 13, 1956.

Numerous errors are assigned in this Court: (1) The overruling of the demurrer and motion to quash; (2) the failure to require the State to furnish a bill of particulars; (3) the colloquy between the court and defense counsel in regard to a defense witness's lack of information about the case while such witness was on the stand; (4) the giving of State's Instructions Nos. 1, 2, 3 and 5; (5) the refusal of Defendants' Instructions Nos. 8, 9, 10, 11 and 12; (6) overruling a motion to set aside the verdict as contrary to the law and the evidence; and (7) in overruling the motion in arrest of judgment.

An additional ground was assigned in the trial court, in support of the motion to set aside the verdict and award a new trial, to the effect that a member of the

jury had, previous to the trial, expressed the opinion, at two separate times, that every member of the picket line should be sent to the penitentiary.

The Legislature of this State first enacted the conspiracy or "Red Men's" statute in 1882, it being Chapter 135, Sections 9, 10, 12 and 13, Acts of the Legislature, Regular Session, 1882. In the Code of 1923, it is found in Chapter 148, Sections 9, 10, 12 and 13. The present Section is a composite of Sections 9, 10, 12 and 13, of Chapter 148, Code of 1923, but is now contained in one section of three paragraphs, Code, 61-6-7, and though lengthy, it should be here quoted in full:

"If two or more persons under the name of 'Red Men,' 'Regulators,' 'Vigilance Committee,' or any other name or without a name, combine or conspire together for the purpose of inflicting any punishment or bodily injury upon any other person or persons, or for the purpose of destroying, injuring, defacing, or taking and carrying away any property, real or personal, not their own, every such person, whether he has done any act in pursuance of such combination or conspiracy or not, shall be guilty of a misdemeanor, and, upon conviction, shall be fined not less than fifty nor more than five hundred dollars, and may, in the discretion of the court, be confined in jail not less than one nor more than twelve months.

"If any person, in pursuance of such combination or conspiracy, shall inflict any punishment or bodily injury upon another person, or shall destroy, injure, deface, or take and carry away, any property, real or personal, not his own, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than one nor more than ten years; and if the death of any person shall result from the commission of such offense, every person engaged in the commission thereof shall be guilty of murder of the first degree, and, upon conviction thereof, punished as in other cases of murder of the first degree. If, upon the trial of an indictment hereunder, it be proved that two or

more persons, the defendant being one, were present, aiding and abetting in the commission of the offense charged therein, it shall be presumed that such offense was committed in pursuance of such combination of conspiracy, in the absence of satisfactory proof to the contrary. And all persons who were present, aiding and abetting, at the commission of any offense mentioned herein, shall be deemed conspirators within the meaning hereof.

"Persons offending against any of the provisions of this section may be indicted therefor, either jointly or separately."

Upon the assignment of error as to the overruling of the demurrer and motion to quash the indictment, the general rule is that two or more offenses cannot be joined in the same count. However, the gravamen of the single count of this indictment is the entering into a conspiracy to overturn the automobile of the prosecuting witness Albaugh, and to inflict bodily injury upon him. It does not charge the defendants with doing bodily harm to Albaugh or with damaging his automobile. The offense charged is the conspiracy to do these things and this Court finds no error in the action of the Circuit Court of Pocahontas County in overruling both the demurrer and the motion to quash. *State* v. *Wisman,* 93 W. Va. 183, 116 S. E. 698. Furthermore, we find no error in the refusal of the circuit court to require the State to furnish the defendants a bill of particulars. A request for a bill of particulars in a criminal case rests in the sound discretion of the trial court, where the indictment plainly informs a defendant of the character and cause of the accusation against him. *State* v. *Melanakis,* 129 W. Va. 317, 40 S. E. 2d. 314, and many prior decisions of this Court to the same effect cited in the opinion of that case. Neither is there any merit in the contention that the trial court committed reversible error by the colloquy between the judge and defense counsel in regard to the lack of knowledge of the facts in this case by a witness for the defense who was at the time on the stand.

The decisive assignments of error are as to the action of the circuit court in overruling the defendants' motion to set aside the verdict of the jury and grant them a new trial, and to the giving of State's Instructions Nos. 2 and 3.

Chapter 61, Article 6, Section 7, heretofore quoted in full, contains three paragraphs, only the first two of which are pertinent here, and an examination of that Section clearly shows that the first paragraph creates an offense that is a misdemeanor, whereas the second contains the elements of a crime that is a felony. The first is punishable by fine and imprisonment in a county jail, and the other by confinement in the penitentiary of this State.

As this Court held in *State* v. *Bingham*, 42 W. Va. 234, 24 S. E. 883, two or more persons may conspire to commit a crime and yet not do it. In such case, they are guilty of a misdemeanor under the first paragraph of the Act, but if, pursuant to the conspiracy, such persons, or one of them, inflict bodily injury upon another person or take or destroy property not their own, they are guilty of a felony under the second paragraph of the Act. Incidentally, the constitutionality of this legislation was not raised in the first case decided by this Court after its enactment. *State* v. *Porter*, 25 W. Va. 685. However, in *State* v. *Bingham, supra*, the Act was held to be not in conflict with any provision of the Constitution of this State. That question is not raised in this case.

At this point it is necessary to quote in full State's Instruction No. 2:

> "The Court instructs the jury that, under the law of West Virginia, upon a trial for conspiracy such as this case, if it be proved that two or more persons, any one of the defendants being one, were present, aiding and abetting in the commission of the offense charged, and if you believe beyond any reasonable doubt that such was committed, it shall be presumed that such offense was committed in pursuance of such

combination or conspiracy, in the absence of satisfactory proof to the contrary.

"You are, therefore, instructed that if you believe beyond a reasonable doubt from all the evidence in this case that any one of the defendants and others were present, aiding and abetting in the act of turning over the automobile of K. D. Albaugh, but that they were interrupted and prevented from completing such act, the law requires that you shall presume that such defendant or defendants were acting in combination and conspiracy with such others for such purpose, and you should under such circumstances find such defendant or defendants guilty, unless you believe that there is satisfactory proof to the contrary."

It will be observed that by this instruction the court told the jury that if they believed from the evidence in the case that the defendants or any one of them were present, aiding and abetting in the act of overturning the automobile of Albaugh, but were interrupted and prevented from completing the act, that the law requires that "you shall presume that such defendant or defendants were acting in combination and conspiracy", and that the jury should find such defendant or defendants guilty unless they believe there is satisfactory proof to the contrary. Again, in examining the Act, it will be noted that while in the second paragraph, or felony portion of the statute, it is provided that if it be proved that two or more persons, the defendant being one, were present, aiding and abetting in the commission of the offense charged therein, it shall be presumed that such offense was committed in pursuance of such combination of conspiracy, while no such provision as to presumption of guilt is contained in the first or misdemeanor paragraph of the Act. It is obvious that in the second paragraph, the Legislature has converted a presumption of fact into a presumption of law, but, since it is a presumption of law that is rebuttable and not conclusive, it is constitutionally valid. However, since such a legislative enactment comes perilously close to being in conflict with the well settled law of this country that all persons

charged with crimes are presumed to be innocent until the state has produced evidence of their guilt beyond all reasonable doubt, this provision of the Act must be strictly construed.

It is the contention of the State, by its Attorney General, that the presumption contained in the second paragraph is applicable to both the felony and the misdemeanor crimes created by the Act. This Court does not agree with that contention. It is ably argued by the State that if this is not so it would be difficult to prove a conspiracy under the misdemeanor section of the Act. That may be true. However, under our Constitution it is the prerogative of the judicial branch of the government to interpret, construe and in a proper case apply statutory law, not enact or enforce it. These duties are conferred upon the legislative and executive branches of the government.

A careful examination of the language used in the two paragraphs of the Act makes it clear that the presumption of conspiracy arises only from the commission of the offense charged, and that the offense referred to is the inflicting of bodily injury upon another person, or destroying, et cetera, property not his own. This again is the language of the second paragraph of that Section: "it shall be presumed that such offense was committed in pursuance of such combination of conspiracy, * * *." Since no "offense" was committed, there can be no presumption of a conspiracy. If these defendants had injured Albaugh, or damaged or defaced his automobile, certainly the presumption would arise, and they would be guilty, not of a misdemeanor, but of a felony, under the provisions of the second paragraph of the Act. Since we hold that the presumption does not apply to the misdemeanor portion of the statute, the question of whether that part of the Act is in conflict with any provision of the Constitution of this State or of the United States cannot arise.

While there is no evidence in this record that any physi-

cal injury was inflicted upon Albaugh, or that his automobile was damaged in any way, evidence was adduced by the State that the three defendants in combination with others stopped the automobile of Albaugh, and to quote directly the testimony of Albaugh "raised it off the ground and the back wheels wouldn't take traction.", and there was a statement by at least one witness to the effect that if the sheriff had not intervened the automobile would have been upset. Such statement was a conclusion based upon the opinion of the witness and inadmissible as evidence of the guilt of the defendants. The inescapable fact remains that even though these defendants did raise the automobile off of the ground, they neither injured Albaugh nor did damage to his automobile. Furthermore, the State has wholly failed to produce any testimony of a conspiracy between these men to do these acts, unless the presumption of law is applied that such a conspiracy existed by virtue of their being together and raising a portion of Albaugh's automobile from the ground so that he could not immediately proceed to his destination.

While circumstantial evidence is always admissible to establish any crime, it should be observed that the evidence in this case shows that a strike had been in progress for nine days and no act of violence or destruction of property had occurred. The incident giving rise to this indictment occurred on the tenth day of the strike. The facts presented were not such that this jury could infer and find beyond all reasonable doubt that these defendants, prior to the incident described by the witnesses, "combined" or "conspired" with each other or other persons to do the acts charged in the indictment.

This Court holds, therefore, that it was reversible error for the trial court to give to the jury State's Instruction No. 2, and State's Instruction No. 3, which is much shorter, but to the same effect. It was also reversible error for the court to overrule the motion of the defendants to set aside the verdict of the jury and to grant them a new trial. This Court finds no other error in this record.

The judgment of the Circuit Court of Pocahontas County is reversed, the verdict of the jury set aside, and a new trial is awarded the defendants.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*