In Re : Tax Assessment of Real Estate of
Morgan Hotel *Corporation*
(No. 12612)

*and*

In Re : Tax Assessment of Real Estate of
Morgantown Ordnance Works, *Inc.*
(No. 12613)

Submitted November 15, 1966. Decided December 13, 1966.

*Farmer & Farmer, George R. Farmer, George R. Farmer, Jr.,* for plaintiffs in error.

*Kenneth E. Kincaid,* for defendant in error.

CALHOUN, JUDGE:

These cases, on appeal from the Circuit Court of Monongalia County, involve proceedings by which Morgan Hotel Corporation and Morgantown Ordnance Works, Inc., respectively, seek to require reductions in tax assessment valuations placed upon their real estate by the County Court of Monongalia County, meeting, pursuant to Code, 1931, 11-3-24, as amended, for the purpose of reviewing and equalizing the assessment made by the assessor, for the 1966 tax year. Inasmuch as the facts and issues in the two cases are similar, they have been combined in this Court for purposes of oral argument and decision.

Morgan Hotel Corporation and Morgantown Ordnance Works, Inc., will be referred to from time to time in this opinion merely as landowners or as taxpayers. In all matters material to these cases, the county court acted for the purpose of reviewing and equalizing the assessment made by the assessor, but, in the interest of brevity and convenience, it will be referred to sometimes hereafter in this opinion merely as the county court.

The county court gave to each of the two taxpayers notice of its purpose to raise the valuation of its real

estate for tax purposes, in a specified amount, which was in excess of the valuation placed thereon by the county assessor. Each taxpayer thereafter filed with the county court a complaint, duly verified, by which the taxpayer stated at length reasons, facts and figures to support its contention that the valuation placed upon its real estate by the county court was excessive. The complaint in each case stated that, unless the valuation was reduced in accordance with the request made in the complaint, the property owner demanded a hearing at which testimony or evidence "may be taken and reported" as provided in Code, 1931, 11-3-25, as amended, "so that an appeal may be taken from any adverse finding by your Court."

The county court, by order entered February 25, 1966, noted the filing of the two complaints. An order entered on February 28, 1966, stated: "After consideration of owners' complaints as to assessment of Real and Personal Property for the taxable year 1966, the Court approves assessments on all classes of property. Board of Review and Equalization adjourned *sine die*." No hearings were granted pursuant to the demands of the two property owners, and consequently no testimony was taken in relation to the two assessments.

By orders entered on March 28, 1966, the Circuit Court of Monongalia County granted an "appeal" upon the application of the taxpayer in each case. Parenthetically we note that the designation might more appropriately be writ of error rather than appeal. In the circuit court, the Prosecuting Attorney of Monongalia County appeared in behalf of Monongalia County and the State of West Virginia, which, for the sake of convenience, may be hereafter referred to in this opinion as defendants. The order in each case recites that the application for appeal was accompanied by a duly certified copy of the record or proceedings before the county court, and that the application was in proper form and presented within

thirty days after the county court adjourned in its capacity as a body to review and equalize the assessment. The order in each case further recites that the case was set for hearing and submission on April 7, 1966.

On April 7, 1966, the prosecuting attorney, appearing again in behalf of the defendants, filed in each case a motion in writing to dismiss the "Application for Appeal." Generally speaking, the motion was based on a contention that, since no hearing was held and no testimony was taken before the county court, there was no record before the circuit court upon which it could decide the case. Each case was submitted for decision by the circuit court on April 7, 1966. An order entered in each case on June 27, 1966, embodies the circuit court's judgment from which a writ of error has been granted in each case by this Court. A portion of the orders entered is as follows:

"The Court after consideration of the record in this proceeding does find that the Petitioner in writing did on February 25, 1966, contest the adjusted valuation of said real estate as fixed by the County Court of Monongalia County, West Virginia, and by the same writing did demand a hearing at a time to be fixed so that testimony could be taken and reported in such manner as to be available for consideration upon appeal to this Court; that said County Court did on February 25, 1966, by order of that date file said complaint or contest and did not on that date or thereafter fix a time for hearing thereon and did on February 28, 1966, adjourn *sine die,* without having afforded the Petitioner a hearing as demanded.

\*     \*     \*

"Upon consideration of the appeal upon the record as submitted the Court finds and therefore orders that this proceeding be remanded to the County Court of Monongalia County, West Virginia, with directions that said Court do reconvene for the purpose of reviewing and equalizing

the assessment made by the Assessor of the property of Petitioner and do afford said Petitioner an opportunity to adduce evidence of the valuation for assessment purposes of its property, and do then determine the value thereof for assessment purposes and do certify its finding to the Assessor of Monongalia County, West Virginia, and to this action of the Court the Petitioner objects and excepts.''

On October 10, 1966, this Court, in each case, granted to the landowner leave to move to reverse the judgment of the circuit court. On November 15, 1966, the two cases were submitted for decision upon the record and upon briefs and oral arguments of counsel.

By way of cross-assignment of error in this Court, the prosecuting attorney, in behalf of the defendants, contends that the circuit court erred in refusing to sustain the motions to dismiss. We perceive no error in this respect. There is no contention that there was any omission of any part of the record in either case as certified by the clerk of the county court. It is not denied that, in each case, the petition for appeal was accompanied by the record so certified and presented to the circuit court in a timely and proper manner. The defendants cannot be heard to complain that the record contains no evidence offered on the question of valuation, because, as the trial court found, the taxpayers' demands for hearings were refused. The certificate of the clerk of the county court in each case is full and complete. In each case the clerk certified that the record prepared and certified by him was ''the entire record of all proceedings in said Court pertaining to valuations for assessment purposes of real property'' of the landowner. We believe, therefore, that the trial court did not err in overruling the motion to dismiss.

Counsel for the landowners assert that the trial court erred in remanding the cases to the county court with directions to it to reconvene for the purpose of

reviewing and equalizing the assessment made by the assessor. Counsel for the defendants, by brief and in oral argument, agrees that the circuit court erred in this respect. Code, 1931, 11-3-24, as amended, provides that a county court annually, not later than the first day of February, shall meet "for the purpose of reviewing and equalizing the assessment made by the assessor" and "shall not remain in session for a longer period than twenty-eight days." The authority of the county court to act in that capacity is derived from and limited by statute. "A county court, a corporation created by statute, can do only such things as the law authorizes it to do, and it must act in the manner prescribed by law." *Daugherty v. Ellis,* 142 W. Va. 340, pt. 2 syl., 97 S. E. 2d 33.

The statute is clear and specific in its statement that the county court shall not remain in session for the purpose of reviewing and equalizing the assessment made by the assessor for a longer period than twenty-eight days. The period of time during which the county court was authorized by the statute to continue in session for the purpose of reviewing and equalizing the assessment made by the assessor had long since expired when the circuit court undertook to remand the two cases. The circuit court could not, in this respect, confer upon the county court a power or authority denied to it by express statutory language. Our holding in this particular is in harmony with that which appears to be a general rule applicable to such situations, under similar statutory provisions. *People ex rel. Brecheisen v. Board of Review of Lake County,* 363 Ill. 106, 1 N. E. 2d 402, 105 A. L. R. 614, and an annotation beginning at page 624, 105 A.L.R. The Court holds, therefore, that the circuit court erred in undertaking to remand the cases to the county court.

Counsel for the landowners, as an additional assignment of error, contend that it was the duty of the circuit court to decide the cases on the records made in the county court and certified by the clerk of the

county court. We believe this contention is sound. Code, 1931, 11-3-25, as amended, which prescribes the procedure for relief in a circuit court from an improper assessment, contains the following language: "* * * If there was an appearance by or on behalf of the owner before the county court, or actual notice, certified by such court, was given to the owner, the appeal, when allowed by the court or judge, in vacation, shall be determined from the evidence so certified. If, however, there was no actual notice to such owner, and no appearance by or on behalf of the owner before the county court, * * * the matter shall be heard de novo by the circuit court."

The right of a circuit court to hear the matter de novo is restricted by the statute to situations in which there was no actual notice to the owner and no appearance by or on behalf of the owner before the county court. In the instant cases, there were actual notices to the owners and there were appearances in their behalf before the county court. The circuit court is without authority, therefore, to hear the cases de novo, but is required to decide them upon the records made before the county court, even if such records are meager. As we have indicated earlier, the defendants should not be heard to object to the circuit court's deciding the cases on the records made before the county court on the ground that the records contain no evidence because, as the circuit court found and determined in its orders entered on June 27, 1966, the landowners demanded a hearing in order that testimony might be taken and reported so that it would be available for appellate purposes, but that the county court, meeting for the purpose of reviewing and equalizing the assessment, adjourned *sine die* without having granted hearings to the landowners.

The landowners assert, as further assignments of error, that the action of the county court was discriminatory within the principles decided in *Re: The Assessment of Shares of Stock of the Kanawha Valley*

364

*Bank,* 144 W. Va. 346, 109 S. E. 2d 649; that such action denied them due process of law under *Turner v. Wade,* 254 U.S. 64, 41 S. Ct. 27, 65 L. Ed. 134; and that this Court should remand the cases to the circuit court with directions to it to fix the assessments in accordance with valuations made by the county assessor. None of these questions was decided by the circuit court. This Court has held in many cases that, in the exercise of its appellate jurisdiction, it will not consider and decide nonjurisdictional questions which were not considered and decided in the trial court. *Work v. Rogerson,* 149 W. Va. 493, 510, 142 S. E. 2d 188, 199, and numerous prior cases there cited.

For reasons stated in this opinion, the motions to reverse are sustained, the judgments of the Circuit Court of Monongalia County are reversed and the cases are remanded to that court for such further action, consistent with this opinion, as may be proper.

*Motions to reverse granted;*
*judgments reversed;*
*remanded with directions.*