STATE OF WEST VIRGINIA

*v.*

PATRICK THOMAS KNOTTS

(No. 12981)

Submitted May 15, 1973.          Decided June 12, 1973.

*A. Blake Billingslea, Gary K. Rymer,* for plaintiff in error.

*Chauncey H. Browning, Jr.,* Attorney General, *Richard E. Hardison,* Deputy Attorney General, *Willard A. Sullivan,* Assistant Attorney General, for defendant in error.

CAPLAN, JUDGE:

In an indictment returned by the grand jury attending the March Term, 1969, of the Criminal Court of Harrison County, the defendant, Patrick Thomas Knotts, was charged in two counts with the commission of a felony. The first count charged him with breaking and entering and the second with entering without breaking. Each count accused said defendant with feloniously stealing and carrying away certain items, the total value of which was $2,541.94.

Upon trial the jury returned a verdict of guilty of grand larceny as charged in the indictment. It appearing from an information filed by the prosecuting attorney that the defendant, prior to this conviction, had been convicted of a felony, breaking and entering, in the State of Kansas, the court sentenced said defendant to an additional five years, making said sentence confinement in the state penitentiary for a term of one to fifteen years. It is from the judgment imposing this sentence that the defendant prosecutes this appeal.

It appears from the record of the proceedings in the trial of this case that at approximately 10:30 P.M. on December 20, 1968, the Champion Store situate in Harrison County, a division of Consolidation Coal Company, was burglarized, merchandise of the value of that designated in the indictment having been taken and carried away. Subsequently, at about eleven o'clock, the store manager, Claire Evans Bice, in response to a call informing him of the breaking and entering, went to the store. There, along with Trooper Johnson and Trooper Browning of the West Virginia Department of Public Safety, he found that a steel grating on a back window had been pried loose, that the window had been raised and that entry had been made into the storeroom. Upon entering the building they found

the stock in disarray and the manager informed the police that several items were missing. On the following day, at the direction of the manager, an inventory was taken, from which it was determined that many items such as radios, television sets, 379 cartons of cigarettes, cameras, blankets and clothing were missing. None of these items was ever recovered.

In the prosecution of this case the state relied upon the testimony of witnesses who testified that they saw the defendant at the time and place of the alleged crime. Other evidence, all of which was circumstantial, which purported to connect the defendant with this crime, was adduced at the trial. The basic complaint of the defendant on this appeal is that the evidence does not support the verdict. This being a circumstantial evidence case, we have carefully examined and considered the evidence upon which the defendant was convicted.

The burglary of the store was unquestionably established by the testimony of the store manager and the state troopers who were in charge of the investigation of said crime. The theft of certain items of stock, in excess of two thousand dollars, was likewise established by undisputed testimony. Frank Kellerman, Jr., testified that as he was driving by the Champion Store, at approximately 10:30 that night, he saw the defendant, Patrick Thomas Knotts, standing near a station wagon which was in close proximity to the place wherein the store was entered; that he observed that the back end of the station wagon was filled with pasteboard boxes; that he had a clear view of the defendant; and that he obtained the license number of the vehicle and reported it and the breaking and entering to the state police. He subsequently recognized and identified the defendant at the police station and at the trial.

Timothy Kellerman, Frank's brother, testified similarly and also identified the defendant as the one who got out of the station wagon behind the Champion Store. He related on the witness stand that the defendant "asked us

if we knew what was going on, and we said yes, and he said he'd pay us if we wouldn't say anything." This witness then stated that they left the scene and reported the burglary to the state police at their Shinnston headquarters. Two other witnesses testified that they also saw the defendant at the scene of the burglary and observed that the station wagon contained pasteboard boxes.

Paul Roush, Jr., determined through the license number to be the owner of the station wagon referred to above, testified that he had loaned that vehicle to the defendant two or three days before and that so far as he knew the defendant still had it. He also related that he received a telephone call from the defendant on the night of the burglary, or early the next morning, while Trooper Gooden was with him.

Trooper Preston B. Gooden testified that, in the process of investigating this case, he went to Roush's home at about 1:00 A.M. on December 21, 1968. While interrogating him the telephone rang and Roush, upon answering it, indicated to Trooper Gooden that the defendant was calling him. This witness testified that the phone was held so that he could hear the conversation between Roush and the person he was told was the defendant. He stated that the defendant said to Roush, "You have to do it. I'm in a jam. You have to report the car stolen". The defendant admitted that he made this telephone call but denied that he made the above quoted statements.

Trooper Browning also testified that Roush told him that he had loaned his station wagon to the defendant. He related the circumstances which he found at the scene of the burglary. Also, he stated that he later located the station wagon, the steering wheel and mirror of which had been wiped clean, although the other parts of the vehicle were very dusty.

Four witnesses testified on behalf of the defendant that he was playing poker with them at the Colonial Inn in

Clarksburg on the night in question from approximately seven o'clock until twelve thirty the next morning. This evidence went to the jury in an effort to establish an alibi. Obviously the jury chose not to believe these witnesses.

The evidence alluded to herein clearly shows that a crime had been committed. It places the defendant at the scene of the crime at the approximate time of the commission thereof. The station wagon which he had borrowed from witness Roush contained pasteboard boxes which appeared to contain merchandise. The testimony that the defendant offered to pay those who had seen him not to report what they had seen was unchallenged. Furthermore, though disputed, the jury heard testimony of his telephone conversation with the owner of the station wagon wherein he stated that he was "in a jam. You have to report the car stolen".

It has long been well settled that proof of guilt may be established by circumstantial evidence as well as by direct evidence. *State v. Bailey,* 151 W.Va. 796, 155 S.E.2d 850; *State v. Stevenson,* 147 W.Va. 211, 127 S.E.2d 638; *cert. den.* 372 U.S. 938, 9 L. Ed. 2d 768, 83 S. Ct. 886; *State v. Winkler,* 142 W.Va. 266, 95 S.E.2d 57; *State v. Beale,* 104 W.Va. 617, 141 S.E. 7; *State v. Sheppard,* 49 W.Va. 582, 39 S.E. 676; 29 Am. Jur. 2d, *Evidence,* Section 266. As heretofore noted by this Court, the rule which permits the finding of guilt on circumstantial evidence is a rule of necessity, without which it would be impossible, in many instances, to successfully prosecute perpetrators of crime. The commission of most crimes is concealed from the view of the public. It is essential, therefore, to effective law enforcement, that circumstantial evidence, under the strict scrutiny of the court, be admissible in criminal cases.

Notwithstanding the foregoing rule, the state has no less a duty to prove guilt beyond a reasonable doubt. This does not mean, however, that a finding of guilt must exclude every vestige of doubt. If circumstantial evidence

is of such convincing character as to exclude every reasonable hypothesis other than guilt, it is entitled to the same weight as direct evidence. *State v. Bailey, supra,* 7 M.J., *Evidence,* Section 40. In the instant case the jury was instructed that in order to find guilt the evidence must exclude every reasonable hypothesis of innocence. The jury is the trier of the facts and the sole judge as to the weight of the evidence and the credibility of the witnesses. *State v. Bailey, supra; State v. Etchell,* 147 W.Va. 338, 127 S.E.2d 609; *State v. Kessinger,* 144 W.Va. 209, 107 S.E.2d 367; *State v. Curotz,* 142 W.Va. 45, 93 S.E.2d 519.

In a criminal case a verdict of guilty, consistent with a reasonable interpretation of the evidence and circumstances proved, will not be disturbed on appeal. While the evidence in the instant case is circumstantial it is substantial and is clearly sufficient to justify the verdict returned by the jury.

The defendant complains on this appeal that the trial court exhibited an unfair attitude toward the defendant's witnesses in that it refused to excuse them after they had testified. In relation to this matter, long after this appeal had been granted, the appellant filed a motion in this Court requesting that an affidavit of the defendant be introduced as a part of the record. The affidavit purports to show the publicity given to the Court's action, the obvious intention thereof being that the defendant did not receive a fair trial. On a writ of error this Court will only consider the record of the proceedings below. This means the record upon which the appeal was granted. None of these alleged errors was raised in the trial court and, as demonstrated by numerous decisions of this Court, they will not be considered on appeal. *Western Auto Supply Co. v. Dillard,* 153 W.Va. 678, 172 S.E.2d 388; *In Re: Morgan Hotel Corporation,* 151 W.Va. 357, 151 S.E.2d 676; *Korzun v. Shahan,* 151 W.Va. 243, 151 S.E.2d 287; *Work v. Rogerson,* 149 W.Va. 493, 142 S.E.2d 188; *State Road Commission v. Ferguson,* 148 W.Va. 742, 137 S.E.2d

206. Accordingly, the motion of the appellant to file such affidavit is denied.

For the reasons stated in this opinion, the judgment of the Criminal Court of Harrison County is affirmed.

*Affirmed.*