*In Re*: ASSESSMENT OF
SHONK LAND COMPANY, *a corporation*

(No. 13293)

AND

*In Re*: ASSESSMENT OF
CEDAR COAL COMPANY, *a corporation*

(No. 13294)

Submitted January 16, 1974.       Decided April 9, 1974.

*Kay, Casto & Chaney, Steven L. Miller* for petitioners.

*Patrick Casey,* Prosecuting Attorney, *Steven C. Hanley,* Assistant Prosecuting Attorney, for respondent.

CAPLAN, CHIEF JUSTICE:

Shonk Land Company, a corporation, and Cedar Coal Company, a corporation, prosecute appeals from final orders of the Circuit Court of Kanawha County under the provisions of Code, 1931, 11-3-25, as amended. The court in said orders denied their applications for appeal from orders of the Board of Equalization and Review. Inasmuch as both cases involve the same issues they are consolidated for consideration on appeal in this Court. They concern assessments levied by the assessor of Kanawha County for the 1972 tax year and involve the valuation of certain coal properties.

In an endeavor to assess coal properties in the county at their true and actual value the assessor of Kanawha County formulated Form KCM 170, an annual report of coal properties, and, on October 1, 1971, forwarded said

form to each of the appellants. In the letters transmitting the forms the assessor advised that the information designated thereon was needed for the proper assessment of their properties for the 1972 tax year and requested that such forms be completed and returned by November 10, 1971.

The appellants failed to comply with the assessor's request, and, in fact, did not make any return of Form KCM 170 until February 24, 1972, just four days prior to the appellants' review before the County Court of Kanawha County sitting as a Board of Equalization and Review.

Although the assessor did not receive completed Form KCM 170 from either of the appellants or the information requested therein regarding their coal properties, he nonetheless did place an assessment on such properties. Being dissatisfied with such assessment the appellants filed applications for review thereof with the County Court of Kanawha County sitting as a Board of Equalization and Review. At each hearing the assessor, through his counsel, moved "that the protestant be denied any remedy whatever for the attempted correction of any assessment made ·by the assessor of Kanawha County, West Virginia, for reason that the protestant has no legal standing to complain because of the protestant's failure to comply with the terms and legal conditions set forth in Chapter 11, Article 3, Section 10 of the West Virginia Code as amended."

Resisting said motions the appellants asserted that the assessments were not based upon expert testimony; that the formula employed by the assessor wholly ignored the sale price of comparable property; that such formula applied only to Kanawha County and coal producing properties; and that by reason thereof the assessments imposed by the assessor did not reflect the true and actual value of the coal property involved. The Board of Equalization and Review granted the assessor's motion in each case, thereby denying the appellants the right

to introduce evidence on the valuation of their coal properties. The assessments remained unchanged and it is from that action of the board that the appellants appealed to the Circuit Court of Kanawha County. Upon the denial of the appeal by the circuit court the appellants prosecute these appeals.

The main thrust of the appellants' position is that the assessor was without authority to formulate and require the completion and submission of Form KCM 170 and that they should not therefore be denied their remedy for the correction of any assessment made by the assessor under the provisions of Code, 1931, 11-3-10, as amended. The appellants assert that at the hearing the assessor failed to prove a willful refusal to submit completed Form KCM 170 which they contend is a requirement of Code, 1931, 11-3-10, as amended; that the assessor being a ministerial officer lacks the power to demand any information other than that prescribed by the tax commissioner; that any form used by the assessor must be approved by the tax commissioner as prescribed by Code, 1931, 11-1-6, as amended; and that Form KCM 170 not having been so approved they were not obligated to submit such form.

The issue to be resolved on this appeal is whether under Code, 1931, 11-3-10, as amended, the appellants were lawfully denied "all remedy provided by law for the correction of any assessment made by the assessor".

Most pertinent to the resolution of the issue presented here is the language of Code, 1931, 11-3-10, as amended, which reads, in part, as follows: "if any person, firm or corporation * * * shall refuse to answer or shall answer falsely any question asked by the assessor *or* by the tax commissioner, or shall *fail* or refuse to deliver *any statement required by law,* he or it * * * shall be denied all remedy provided by law for the correction of any assessment made by the assessor * * * ." (Emphasis supplied.)

If, under the above quoted statute, the information required in Form KCM 170 constitutes a "statement required by law", then said statute, being clear and unambiguous, shall be applied and the denial of any remedy to the appellants as provided therein was proper and lawful. This necessarily raises the question of the authority of the assessor to formulate Form KCM 170 and to require its completion and submission by owners of coal properties.

The county assessor, a constitutional officer, is charged with the responsibility of assessing properties in the county at their true and actual value. Code, 1931, 11-3-1, as amended. See *George F. Hazelwood Company v. Pitsenbarger, Assessor,* 149 W.Va. 485, 141 S.E.2d 314 (1965). In the accomplishment of that required endeavor it is incumbent upon the assessor to seek out all information which would enable him to properly fulfill his legal obligation. See *Younger v. Meadows,* 63 W.Va. 275, 59 S.E. 1087 (1907). Although the assessor is under the supervision of the state tax commissioner he is not restricted in his search for information leading to the true and actual value of properties to questions formulated by that state official. Code, 1931, 11-3-10, as amended, clearly provides that the taxpayer shall answer any question "asked by the assessor *or* by the tax commissioner". (Emphasis supplied.) This language permits the assessor to ask questions pertinent to arriving at the true and actual value of property. We do not agree with the appellants' contention that all of such questions must first be approved by the tax commissioner. While that official is empowered to supply the assessor with forms, that authority is not exclusive. Wherein Code, 1931, 11-1-6, as amended, provides for approval by the tax commissioner, such approval refers only to forms used in mechanical devices designed to facilitate the work of the assessor.

Each county has its own problems and circumstances which may require the assessor to make inquiries which

would not occur to the state tax commissioner. We discern no statutory provision which requires the tax commissioner to approve questions asked by the assessor. In the instant case, although the approval of Form KCM 170 by the tax commissioner was not material or required, his ultimate approval could be considered as evidence of the reasonableness of the information requested in said form. In view of the foregoing we are of the firm opinion that Form KCM 170 contains reasonable and lawful questions by the assessor, that such questions are contemplated in the fulfillment of his duties and that Form KCM 170 constitutes a statement required by law as contemplated by Code, 1931, 11-3-10, as amended.

The appellants assert that the failure of the assessor to prove a willful refusal to submit Form KCM 170 constituted reversible error. This assertion is without merit. The pertinent statute, Code, 1931, 11-3-10, as amended, unequivocally provides that the denial of any remedy to the taxpayer shall be imposed if he shall fail *or* refuse to deliver any statement required by law. It is undisputed in the instant case that the appellants did fail to deliver such required information.

For the reasons stated above and in view of the pertinent statutes we are of the opinion that the County Court of Kanawha County sitting as the Board of Equalization and Review properly granted the assessor's motion and that the Circuit Court of Kanawha County correctly affirmed the action of said board. The judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*

Justice Haden, deeming himself disqualified did not participate in the consideration of these cases.